IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES BARNES                                                                                 PLAINTIFF

V.                              CASE NO. 1:17CV-52DPM

CITY OF MOUNTAIN VIEW, ARKANSAS                            DEFENDANT

## AGREED PROTECTIVE ORDER

Plaintiff has requested discovery of records containing sensitive personal information. In order to permit Plaintiff adequate access to the records necessary to completely present this case herein, and, at the same time to address privacy concerns, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Plaintiff has made a discovery request for a copy of the personnel file of a Mountain View police officer and solicited testimony regarding the executive session of a city council meeting which is of a private and sensitive nature. The parties agree that due to the private and sensitive nature of these documents and testimony, a protective order should be entered (all personal information such as addresses and social security numbers and other personal information are redacted).

2. Any documents or testimony produced in response to discovery requests as provided in Paragraph 1 above shall be considered confidential;

3. Information designated as "Confidential" must not be filed on the public docket. If practical, redact it. FED. R. CIV. P. 5.2. If an entire page contains information designated as "Confidential," counsel may substitute a page marked "Redacted." If redaction isn't practical, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper containing that material under seal. The moving party must justify sealing

with specifics and solid reasons, including an explanation about why the information can't be redacted.

4. If any disagreement arises about the implementation of this Order, the parties must file a joint report of the discovery dispute according to the instructions in the Final Scheduling Order.

5. All confidential records or other information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever without a new request for the material. Moreover, neither Plaintiff, Defendant, or their counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action without a new request;

6. All confidential records, documents, tapes, or other information provided hereunder shall be retained in the custody of the Plaintiff or Defendant's counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Plaintiff and Defendant's counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by the Plaintiff or Defendant or persons frequently employed by such expert[s] whose review of the material is necessary for the Plaintiff and Defendant's prosecution in this litigation;

7. If confidential documents or records are used during depositions, the depositions shall be treated as confidential in accordance with this Order;

8. Plaintiff, Defendant, their respective counsel and their staff and the retained expert witness/witnesses shall not in any manner, directly transfer confidential records, documents or

other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

9. Plaintiff's counsel, and Defendant's counsel promptly upon completion of this litigation, or before if at such time they have no further use of the confidential information, whichever shall first occur, shall return to the Defendant and Plaintiff all materials produced, and all copies and extracts of data from such materials or destroy same;

10. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;

11. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court; and

12. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

13. This Order will be in effect for one year after the end of the case, including any appeal. After that, the obligations imposed will continue, but only as a matter of contract between the parties.

IT IS SO ORDERED this _14th_ day of _December_, 2018.

_____
Hon. D. P. Marshall

Approved as to Form:


/s/ Sara Monaghan
Sara Monaghan
Attorney for Defendant


/s/ Joshua Allen
Joshua Allen
Attorney for Plaintiff