# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JAMES BARNES                                                PLAINTIFF

v.                        No. 1:17-cv-52-DPM

CITY OF MOUNTAIN VIEW,
ARKANSAS                                                    DEFENDANT

## ORDER

**Summary.** This case is a triangle. The three points are James Barnes, Mountain View police officer Cody Lee, and Barnes's former wife, Valerie Stair. After the divorce, Officer Lee and Stair dated for several months. Barnes alleges that, for two years after Lee and Stair ended their relationship, Officer Lee harassed him and seized him during various encounters. Lee's fellow officers, Barnes says, joined this campaign. Barnes points to seven stops across the two-year period. And he seeks to hold Mountain View responsible because the City didn't stop the campaign, notwithstanding Barnes's repeated complaints to the mayor and other City officials.

Taking the facts where genuinely disputed in the light most favorable to Barnes, Mountain View is entitled to judgment. He lacks standing to complain about two encounters; his guilty pleas to minor traffic offenses arising from two other stops bar him from relying on those stops; the officer involved had probable cause during the April

2016 stop; no seizure occurred in January 2016; and even if the June 2016 stop was improper, one bad stop doesn't create municipal liability. Barnes's § 1983 claim for a Fourth Amendment violation, and his echoing claim under the Arkansas Civil Right Act, fail as a matter of law.

**Standing.** Barnes can't challenge the constitutionality of the August 2015 and February 2017 stops. In each instance, Officer Lee encountered people other than Barnes, who therefore lacks standing to complain. *Slusarchuk v. Hoff*, 346 F.3d 1178, 1182 (8th Cir. 2003). In August 2015 Lee stopped one of Barnes's employees. Lee's parting words were "You tell Mr. Barnes Officer Lee said howdy." № 38 at 2–3. As Barnes says, this remark shows Officer Lee's attitude toward him. The City disciplined him for this jab. Putting that fact aside, Barnes wasn't injured by the traffic stop. The same is true for the February 2017 encounter with Stair, Barnes's former wife. Lee made a U-turn in his squad car and followed her briefly. Barnes wasn't present. And this event wasn't a seizure anyway. *United States v. Weaver*, 966 F.2d 391, 393–94 (8th Cir. 1992)

***Heck.*** Barnes's claims about the November 2015 and January 2017 stops are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Another officer pulled Barnes over in November 2015 for bad headlights and driving left of center; probable cause existed for the stop. *United States v. Long*, 320 F.3d 795, 798 (8th Cir. 2003). A record

check revealed an outstanding warrant. Barnes was handcuffed, arrested, and released. At the station, a knowing smile was exchanged in Barnes's presence between the arresting officer and Officer Lee. The warrant eventually turned out to be stale. In due course, though, Barnes pleaded guilty to driving left of center and the other charges were dropped. His guilty plea forecloses a constitutional challenge now to the stop. *Heck*, 512 U.S. at 486–87. In January 2017, Lee pulled Barnes over for having the wrong tags on his vehicle. Barnes eventually pleaded guilty to this tag problem. So he can't challenge that stop's constitutionally, either. *Ibid.*

**Probable Cause.** The April 2016 stop was supported by probable cause, which eliminates any potential seizure-based claim against Mountain View. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Officer Lee pulled over a truck for speeding. It was Barnes. Barnes says Lee knew it was him, and the stop was just to harass him. The Court assumes that's true. But even a minor traffic violation gives an officer probable cause to stop a motorist. *United States v. Sallis*, 507 F.3d 646, 649 (8th Cir. 2007). The officer's motivations don't affect the probable cause analysis, which is objective. Barnes disputes only whether Lee knew it was him, not whether he was actually speeding. Probable cause existed for this twenty-second stop, which ended without a ticket or a warning. *United States v. Peralez*, 526 F.3d 1115, 1119 (8th Cir. 2008).

**Seizure.** Mountain View isn't liable for the January and June 2016 stops. An officer other than Lee followed Barnes into a parking lot in January. Barnes doesn't recall whether the officer activated his blue lights. *№ 41 at 9*. The officer told Barnes that he had made only a rolling stop at a stop sign. Barnes acknowledged the officer and told him he had to take his son inside the building. Barnes did so. There was no seizure because Barnes reasonably felt free to leave. *Weaver*, 966 F.2d at 393–94.

In June, Officer Lee pulled in behind Barnes as he turned into the parking lot of his business. The record on this stop is thin. Barnes says there were blue lights. Officer Lee asked for proof of insurance. No citation was issued. How long it lasted, or what else was said, is unclear. Barnes points to no facts, other than Officer Lee's blue lights, showing that he couldn't leave or that a reasonable person wouldn't have felt free to leave. But the lights are strong medicine. Assuming a seizure occurred, this is not enough to make the City liable.

**Municipal Liability.** Mountain View doesn't have a policy that allows officers to stop people without probable cause. *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 389–90 (8th Cir. 2007). And Barnes hasn't created a jury issue on whether the City had a custom or practice of allowing unconstitutional conduct. The law requires a pattern. *Brossart v. Janke*, 859 F.3d 616, 627–28 (8th Cir. 2017). Each of the stops Barnes complains about, except for the one in June 2016, was

constitutional. Municipal liability in these circumstances requires more. To get to a jury, Barnes must establish "a continuing, widespread, [and] persistent pattern of unconstitutional misconduct by" Mountain View's officers. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quotation omitted). The one bad seizure in 2016 isn't enough to hold the City accountable.

\* \* \*

The Court understands Barnes's frustration. Officer Lee's conduct wasn't entirely pure. But no legal basis exists to hold Mountain View responsible for Barnes's many encounters with the City's police officers. Mountain View's motion for summary judgment, № 28, is granted. Barnes's claim under the Arkansas Civil Rights Act echoes his § 1983 claim. The same facts are involved; and Arkansas seizure law does not differ materially from federal law. Barnes's complaint as a whole will therefore be dismissed with prejudice. The motion in *limine*, № 32, is denied as moot.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 February 2019